FRANCISCO GUTIÉRREZ, demandante y apelado, *v.* MAX BAHR y GREGORIO BRAUN, demandados y apelantes.

Número 11107.

*Sometido:* 3 de mayo de 1954.   *Resuelto:* 29 de junio de 1955.

*L. Coballes Gandía,* abogado de los apelantes; *Federico Valladares,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

La ilustrada Sala sentenciadora declaró probados los siguientes hechos: que el día 5 de mayo de 1952, el demandante señor Francisco Gutiérrez visitó la joyería del señor Max Bahr en la Calle Salvador Brau número 260 para que éste le reparara un reloj; que el señor Bahr lo envió a una sucursal de dicha joyería en la Calle Salvador Brau número 300 atendida por el otro demandado señor Gregorio Braun; que el local de la calle Salvador Brau número 300 es un local pequeño que consta de un mostrador y de un falso piso al fondo, donde se reparan relojes; que en el plafón del falso

piso hay un abanico con aspas; que el señor Gutiérrez le entregó al relojero señor Ramón Cuevas su reloj para que se lo arreglara y el señor Cuevas le indicó que esperara en lo que él lo arreglaba; que al inclinarse sobre una "baranda" que tiene dicho falso piso, el señor Gutiérrez fué alcanzado por el abanico del plafón produciéndole una pequeña lesión en el párpado superior y caballete nasal del ojo derecho; que el accidente se debió a la culpa o negligencia del demandado señor Max Bahr, al instalar dicho abanico en tal forma que cualquiera persona que penetre en el piso falso puede ser alcanzado por dicho aparato mecánico.

Los hechos están sostenidos por la prueba y la versión de la prueba de los demandados en el sentido que se supone que en dicho sitio no penetre el público, que hay un rótulo que prohibe la entrada y que el abanico está situado en tal forma que no ofrece peligro alguno al hombre cuidadoso, no fué creída por la ilustrada Sala sentenciadora. Tampoco nosotros la hubiéramos creído de haber sido juez de los hechos. En cuanto a haber desplegado los demandados la diligencia del buen padre de familia, el propio demandado señor Bahr declaró, que tanto su relojero el señor Cuevas como otro señor de apellido Candela, estuvieron expuestos, antes del accidente, a recibir lesiones causadas por el mismo abanico.

■■ Es un principio universal de derecho que cuando una persona o empresa mantiene abierto un establecimiento al público, con el objeto de realizar en dicho establecimiento, operaciones comerciales para su propio beneficio, debe mantener dicho establecimiento en condiciones de seguridad tales, que la persona inducida a penetrar en el mismo, no sufra ningún daño.

El art. 1802 de nuestro Código Civil responsabiliza a todo aquél que por acción u omisión, cause daño a otro, interviniendo culpa o negligencia, obligándole a reparar el daño causado, y el art. 1803 del mismo Código declara exigible la obligación que impone el artículo anterior, no sólo por los actos u omisiones propios, sino por los de aquellas personas

de quienes se deba responder.　El daño causado por cosas in-animadas cae dentro de la figura de la omisión, omisión del cuidado tutelar para la protección de la vida o propiedad ajenas.

En cuanto a establecimientos abiertos al público, la teoría angloamericana resulta idéntica en cuanto a la obligación del dueño del establecimiento de mantener éste en condiciones de seguridad, para todas las personas que puedan penetrar en el establecimiento donde se realizan operaciones de negocios: 38 Am. Jur. 760; Prosser, *Handbook of the Law of Torts* 635, sec. 79 sobre "Business Visitors", especialmente a la pág. 640.

█ El único error señalado es que la ilustrada Sala sentenciadora cometió error en la apreciación de la prueba.　Las conclusiones de hecho están sostenidas por la prueba y además resultan totalmente correctas tanto en su aspecto factual como en su aspecto jurídico, según hemos visto.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Pérez Pimentel concurre en el resultado.