AMADO APONTE BETANCOURT Y MATILDE MORENO DE APONTE, demandantes y recurrentes, *v.* ROBERTO MELÉNDEZ RODRÍGUEZ, demandado y recurrido.

*Número:* 334    *Resuelto:* 8 de marzo de 1963

*Luis A. Catoni Antonetti,* abogado de los recurrentes; *Rieckehoff & Vargas,* abogados del recurrido.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

Es un hecho aceptado en esta acción que la señora Matilde Moreno de Aponte, el 29 de noviembre de 1958, fue de compras al establecimiento del recurrido Roberto Meléndez Rodríguez, quien se dedica a explotar un negocio de colmado con el nombre de "Colmado Central", localizado en la Avenida Central de Caparra Terrace; que mientras se encontraba en dicho establecimiento resbaló y cayó al suelo, debido a que en el piso del establecimiento había una cáscara de guineo, recibiendo ciertas lesiones. La ilustrada Sala sentenciadora denegó la compensación por el fundamento que la parte recurrente no había demostrado que el recurrido tuviese conocimiento constructivo de la existencia de dicha materia peligrosa en el suelo de su establecimiento.

La Ley aplicable al caso es el Art. 1802 del Código Civil de Puerto Rico (1930), según quedó enmendado por la Ley Núm. 28 de 9 de junio de 1956 que dispone: "El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado. La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización." Como es sabido, la enmienda consistió en agregarle al artículo original la segunda oración.

En el caso de *Gutiérrez* v. *Bahr*, 78 D.P.R. 473 (Belaval) (1955), cita precisa a la pág. 474—unos hechos ocurridos en el 1952—establecimos que "Es un principio universal de derecho que cuando una persona o empresa mantiene abierto un establecimiento al público, con el objeto de realizar en dicho establecimiento, operaciones comerciales para su propio beneficio, debe mantener dicho establecimiento en condiciones de seguridad tales, que la persona inducida a penetrar en el mismo, no sufra ningún daño." Este caso se refería a lesiones producidas por un abanico eléctrico instalado en el plafón. En el caso de *Goose* v. *Hilton Hotels*, 79 D.P.R. 523 (Snyder) (1956), cita precisa a la

pág. 530 (2)—unos hechos ocurridos en el 1951—establecimos: "El cliente de una tienda, por ejemplo, espera de ordinario que los pasillos y los corredores abiertos al público estén libres de obstáculos, trampas y *sitios resbalosos*. Como esto es así, condiciones claramente visibles muchas veces pueden ser peligrosas irrazonablemente para el cliente, ya que de hecho éste no está supuesto a observarlas." Este caso se refería a lesiones producidas por una escalera mojada instalada en un hotel. En el caso de *Santaella Negrón* v. *Licari*, 83 D.P.R. 887 (Rigau) (1961), cita precisa a la pág. 899—unos hechos ocurridos en el 1955—establecimos: "Una puerta *per se* no es un artefacto intrínsecamente peligroso. . . . Sin embargo la regla varía cuando se trata de puertas que abren hacia pasillos o corredores y escaleras y el perjudicado no entraba o salía por la puerta sino que caminaba por el pasillo o escalera en el momento de ser estropeado por la puerta. . . . En estas circunstancias el tener esa puerta funcionando de manera que al ser utilizada en forma normal pueda estropear a personas que van caminando con el cuidado ordinario por el pasillo o una escalera, constituye falta del cuidado debido al público y acarrea responsabilidad." En el caso de *Weber* v. *Mejías*, 85 D.P.R. 76 (Per Curiam) (1962), cita precisa a la pág. 79—unos hechos ocurridos en el año 1956—establecimos: "La obligación del ocupante para con un invitado es una de debido cuidado bajo toda circunstancia. . . . Además el ocupante tiene la obligación de inspeccionar su propiedad y descubrir condiciones peligrosas . . . Igual que en casos de negligencia en general, el ocupante puede ser responsable aun cuando hubiese realizado la inspección, si el daño puede atribuirse a una construcción defectuosa u otra negligencia resultante en una condición peligrosa, o a la omisión de tomar precauciones razonables para proteger a los invitados de los peligros que pueden anticiparse en la disposición o en el uso de la propiedad." En este caso se refería a lesiones producidas al descender por una escalera lisa instalada en una casa de apartamientos en la cual se ha-

bía establecido un taller de costura. Como se ve, cualquiera que sea el "área de invitación" en un negocio abierto al público, el cuidado primordial de mantener el sitio seguro le corresponde al dueño del negocio o al propietario.

■ En este caso, el dueño del colmado trata de establecer una eximente de responsabilidad por el hecho de no haber demostrado la prueba de la recurrente que el dueño del colmado había tenido tiempo suficiente para percatarse que había materia peligrosa en el suelo. Como cuestión de hecho el recurrido no presentó prueba en este caso. No creemos que en el actual estado de nuestra jurisprudencia y de la enmienda del 1956 de nuestra ley que sólo reconoce como eximente de responsabilidad, y a los únicos efectos de reducir la indemnización, la imprudencia concurrente del perjudicado, pueda prosperar en el caso de un daño inculpable tal eximente.

*Debe revocarse la sentencia dictada en reconsideración.*