JOSÉ RAÚL ORTIZ REYES ET AL., demandantes y recurridos, *v.* F. W. WOOLWORTH ET AL., demandados y recurrentes.

*Número:* R-75-391        *Resuelto:* 30 de marzo de 1976

---

*Segurola & Montalvo,* abogados de los recurrentes; *Ramos & Riera,* abogados de los recurridos.

SENTENCIA

Una hija de los demandantes recurridos sufrió una caída en el establecimiento comercial de F. W. Woolworth radicado en Mayagüez Mall, al encajársele un zapato en una moldura que sujetaba la alfombra del piso donde comenzaba el Departamento de Niños. La moldura sobresalía alrededor de un cuarto de pulgada del piso de otros departamentos. Al perder el balance, la menor cayó en tal forma que trajo consigo al piso un carro utilizado para la transportación de compras, fracturándose la niña la pierna izquierda. Se radicó la correspondiente demanda contra F. W. Woolworth, emitiéndose finalmente sentencia a favor de los demandantes, por estimarse que F. W. Woolworth había sido negligente al permitir que la moldura de la alfombra sobresaliese del piso, así como al no retirar del espacio en cuestión el carro de compras abandonado. El Tribunal Superior le concedió a la menor perjudicada la cantidad de $6,000, y $3,000 a la madre y $1,500 al padre por razón de sufrimientos y angustias mentales. Se condenó a la parte demandada al pago de las costas de la acción y a la cantidad de $400 en pago de honorarios de abogado.

El 22 de enero de 1976 dictamos orden para que la parte recurrida mostrase causa por la cual no debía revocarse la referida sentencia. La parte recurrida radicó el escrito correspondiente, pero no nos ha convencido de que haya mediado negligencia en este caso por parte de F. W. Woolworth. No es irrazonable alfombrar uno o más departamentos de una tienda y es de esperar que en tal caso la moldura que se utilice para fijar la alfombra sobresalga levemente. Tampoco constituye negligencia la caída contra un carro de compras en las circunstancias de este caso. Los hechos revelan más bien la

ocurrencia de un accidente desafortunado que la comisión de actos de negligencia por la parte recurrente.

Se revoca en consecuencia la sentencia recurrida. Así lo pronunció y manda el Tribunal y certifica el Secretario. El Juez Asociado, Señor Irizarry Yunqué, disiente en voto separado.

(Fdo.) Angel G. Hermida
*Secretario*

—o—

Voto Disidente del Juez Asociado Señor Irizarry Yunqué.

San Juan, Puerto Rico, a 30 de marzo de 1976

En *Gutiérrez* v. *Bahr*, 78 D.P.R. 473, 474 (1955), adoptamos la doctrina, como principio universal de Derecho, "que cuando una persona o empresa mantiene abierto un establecimiento al público, con el objeto de realizar en dicho establecimiento operaciones comerciales para su propio beneficio, debe mantener dicho establecimiento en condiciones de seguridad tales, que la persona inducida a penetrar en el mismo, no sufra ningún daño." Señalamos en *Goose* v. *Hilton Hotels*, 79 D.P.R. 523, 530 (1956): "El cliente de una tienda, por ejemplo, espera de ordinario que los pasillos y los corredores abiertos al público estén libres de obstáculos, trampas y sitios resbalosos. Como esto es así, condiciones claramente visibles muchas veces pueden ser peligrosas irrazonablemente para el cliente, ya que de hecho éste no está supuesto a observarlas." Estas doctrinas han sido reiteradamente reconocidas en *Feliciano* v. *Escuela de Enfermeras*, 94 D.P.R. 535 (1967); *Corchado* v. *Fernández Carballo*, 88 D.P.R. 100 (1963); *Aponte Betancourt* v. *Meléndez*, 87 D.P.R. 652 (1963); *Weber* v. *Mejías*, 85 D.P.R. 76 (1962) y *Santaella Negrón* v. *Licari*, 83 D.P.R. 887 (1961). No veo razón para que en el caso que aquí nos ocupa nos apartemos de ellas.

Aquí, la niña *caminaba* delante de su madre mientras ésta empujaba un carrito en que cargaba algunos artículos que se proponía comprar. No incurrió en acto alguno de negligencia. Se cayó porque, según concluyó el tribunal recurrido, la niña tropezó con una moldura en el lugar en que comenzaba una alfombra, la cual sobresalía del piso. Esa circunstancia fue la causa de la caída de la niña.

Era fácil prever, al instalar la alfombra, que si la moldura sobresalía, una persona que caminase y no se percatase de ello podía tropezar y caerse. Se creó una condición peligrosa que fue causante de la caída de la niña. No veo cómo pueda eximirse de responsabilidad a la empresa dueña del establecimiento y a su compañía aseguradora sin revocar los casos citados. Y no veo razón para alterar los principios de responsabilidad que en ellos se reconocen.

Por las consideraciones arriba expresadas disiento.