Isabel Rivera Ramírez, demandante y recurrida, *v.* Super-
mercados Amigo, Inc., Central Plaza Corporation,
Compañía Aseguradora National Insurance Co., de-
mandados y recurrentes.

*Número:* R-77-196      *Resuelto:* 30 de diciembre de 1977.

*Lasa & Vicente* y *Eugenio Luis Santoni,* abogados de los recu-
rrentes; *Antonio Aponte Berdecía* y *Efraín Aponte Berdecía,*
abogados de la recurrida.

### SENTENCIA

Supermercados Amigo, Inc., es uno de los siete inquilinos
del Centro Comercial localizado en la Avenida Jesús T. Pi-
ñero esquina Avenida San Patricio en Río Piedras. El Centro
Comercial pertenece a Central Plaza Corporation. Esta es
responsable de la limpieza de las áreas comunes del Centro
que incluye el área de estacionamiento para 100 automóviles.
La obligación de limpieza de Central Plaza surge del contrato
de arrendamiento con los inquilinos. Por acuerdo verbal Cen-
tral Plaza encomendó la limpieza a Supermercado Amigo
quien provee un empleado para ello y recibe un reembolso
de Central Plaza equivalente al 75% del sueldo del referido
empleado en consideración a que dicho empleado dedica parte
sustancial de su tiempo a la limpieza de las áreas comunes.

La demandante hizo una compra en Supermercado Amigo
y luego de abandonar el local y adentrarse en el área de esta-
cionamiento resbaló y cayó al pavimento. La causa de la caída
según las determinaciones del juzgador de los hechos, fue
una cáscara de mangó "prietuzca" cuyos residuos pudo obser-
var la demandante, después de la caída, en el pavimento y en
el taco del zapato al tocarlo con los dedos. Según la propia
admisión de la demandante en su alegato, al caminar ésta
sobre el pavimento no iba mirando al piso ya que estaba bus-

cando a su hija quien la esperaba en el automóvil en el área de estacionamiento. La demandante sufrió contusión en el pie izquierdo y fractura en el 5to. metatarsiano. Fue enyesada en el Centro Médico por dos semanas para inmovilizarle el pie izquierdo y re-enyesada por alrededor de tres semanas adicionales.

Instó demanda contra Supermercados Amigo, Inc., Central Plaza Corporation y su compañía aseguradora. El tribunal recurrido declaró sin lugar la demanda contra Supermercado y con lugar la instada contra Central Plaza Corporation y su aseguradora. Estas dos últimas recurren ante nos, y en lo que es sustancial, sostienen que la negligencia en todo caso sería de Supermercado Amigo, cuyo empleado estaba a cargo de la limpieza. Aunque aceptan haber contratado la limpieza de las áreas comunes con Supermercado Amigo, niegan la relación de agencia. Impugnan además la determinación que hace el tribunal de instancia sobre negligencia, y la imposición de daños.

La única prueba de negligencia ofrecida por la demandante contra los demandados fue el haber observado "residuos" de una cáscara de mangó "prietuzca" en el pavimento y en el taco del zapato "al tocarlo con los dedos." No hay prueba de que el empleado a cargo de la limpieza hubiese sido negligente en el desempeño de sus funciones. Por el contrario el juez de instancia concluyó que había cumplido fielmente sus obligaciones y que habiendo actuado dentro de las instrucciones dadas por su principal o mandatario Supermercado Amigo no era responsable. No habiendo prueba de que Supermercado Amigo actuara fuera de las instrucciones que recibiera de su principal Central Plaza es de presumir que Central Plaza tampoco es responsable.

La única controversia que debe dilucidarse es si la presencia de unos "residuos" de una cáscara de mangó "prietuzca" en el pavimento de un área de estacionamiento de cien automóviles por donde transitan innumerables vehículos y per-

sonas, y la que pasara desapercibida del empleado de la limpieza y aun del propio transeúnte constituye la negligencia por omisión que impone el Art. 1802 del Código Civil, a saber:

"El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado."

La omisión que pudo haber habido de parte del empleado de limpieza al no detectar los residuos de la cáscara prietuzca de mangó no constituye culpa o negligencia en vista de la aparente pequeñez de los residuos, del tamaño del área de estacionamiento y del hecho de que por allí transitaban personas y vehículos que acudían a los siete establecimientos que allí radicaban. Nuestra conclusión encuentra apoyo en la falta de prueba de que el empleado no hubiese sido diligente en el desempeño de sus funciones.

Existe una línea de casos que sostiene que cuando una persona o empresa mantiene abierto un establecimiento al público, con el objeto de llevar a cabo operaciones comerciales para su propio beneficio, debe mantener dicho establecimiento en condiciones de seguridad, que la persona inducida a penetrar en él no sufra ningún daño. Así en *Gutiérrez* v. *Bahr*, 78 D.P.R. 473 (1955), referente a lesiones producidas por un abanico eléctrico instalado en el plafón hicimos responsable de los daños al dueño del establecimiento. En *Goose* v. *Hilton Hotels*, 79 D.P.R. 523 (1956), imputamos responsabilidad al demandado por lesiones producidas por una escalera mojada instalada en un hotel. En *Santaella Negrón* v. *Licari*, 83 D.P.R. 887 (1961), resolvimos que había falta de cuidado debido al público al tener el dueño de un edificio una puerta que abría hacia un corredor lesionando a una persona que caminaba por el pasillo en el momento que alguien abrió la puerta hacia dicho pasillo. También en *Weber* v. *Mejías*, 85 D.P.R. 76 (1962), encontramos que acarreaba responsabilidad el tener una escalera lisa instalada en una casa de apartamientos en la cual se había establecido un taller de

costura. Finalmente en *Aponte Betancourt* v. *Meléndez*, 87 D.P.R. 652 (1963), sostuvimos que el dueño de un negocio de colmado es responsable de los daños causados a una cliente que resbaló dentro del establecimiento sobre una cáscara de guineo. La teoría detrás de la doctrina es que corresponde al dueño del negocio o al propietario el mantener el "área de invitación" como un sitio seguro. Véase *Aponte Betancourt*, supra, a la pág. 655.

En todos los casos mencionados se trataba de condiciones peligrosas existentes dentro de los establecimientos correspondientes las cuales eran de conocimiento de los dueños o propietarios o su conocimiento podía imputárseles a éstos. Esas áreas estaban bajo el control absoluto de los demandados y naturalmente cargaban con las consecuencias resultantes. No son pues aplicables al caso de autos.

En éste se trataba de áreas públicas abiertas comunes a todos los establecimientos allí radicados. Y, aunque normalmente los dueños de los negocios servidos por esas áreas públicas comunes son responsables de mantenerlas libres de obstáculos, trampas y sitios resbalosos, los hechos de este caso demuestran que se trata de residuos pequeños de una cáscara de mangó en un área extensa y de una gran circulación de vehículos y personas, cuyos residuos bien pueden haberse adherido a las gomas de un automóvil o haberlos tirado una persona al pasar, sin que se demostrase culpa o negligencia del demandado. El propio tribunal de instancia concluyó que el demandado "había cumplido fielmente sus obligaciones."

La parte demandante recurrida compareció a requerimiento nuestro a mostrar causa por la que no debíamos revocar la sentencia dictada por el tribunal de instancia o en la alternativa dividir la responsabilidad entre las partes a base de negligencia comparada. No nos ha persuadido de que la sentencia debe prevalecer.

Se expide el auto solicitado, se revoca la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 28 de abril de 1977 en el caso civil 74-6517, *Isabel Rivera Ramírez* v. *Supermercados Amigo, Inc., Central Plaza Corporation, Compañía Aseguradora National Insurance Co.*, y se declara la demanda sin lugar.

Así lo pronunció y manda el Tribunal y certifica el Secretario. El Juez Asociado Señor Irizarry Yunqué emitió voto disidente al que se une el Juez Presidente Señor Trías Monge. El Juez Asociado Señor Rigau no intervino.

(*Fdo.*) Ernesto L. Chiesa
*Secretario*

—O—

Voto Disidente del Juez Asociado Señor Irizarry Yunqué al cual se une el Juez Presidente Señor Trías Monge.

San Juan, Puerto Rico, a 30 de diciembre de 1977

Central Plaza Corporation y Supermercados Amigo, Inc., explotan negocios lucrativos, la primera como dueña y arrendadora de varios locales en un centro comercial y la segunda como arrendataria de uno de los locales, en que se dedica al comercio. El público en general está permanentemente invitado a patrocinar los negocios en los locales de Central Plaza y en particular el Supermercado Amigo. El área de estacionamiento de vehículos es parte del centro comercial.

En *Aponte Betancourt* v. *Meléndez*, 87 D.P.R. 652 (1963), este Tribunal, ante una situación de hechos casi idéntica a la ahora ante nos, revocó una sentencia que desestimó una demanda por daños y perjuicios. Se amparó en el principio de que quien mantiene un establecimiento abierto al público con el objeto de realizar transacciones comerciales para su propio beneficio tiene a su vez el deber de mantenerlo en condiciones de seguridad tales que quienes son invitados a patrocinarlo

no sufran daños. Se citaron una serie de casos que sostienen esa doctrina, a saber, *Weber* v. *Mejías*, 85 D.P.R. 76 (1962), *Santaella Negrón* v. *Licari*, 83 D.P.R. 887 (1961), *Goose* v. *Hilton Hotels*, 79 D.P.R. 523 (1956), *Gutiérrez* v. *Bahr*, 78 D.P.R. 473 (1955).

En *Aponte Betancourt* la señora demandante, como en el caso ante nos, resbaló en una cáscara de fruta (de guineo en *Aponte*, aquí de mango) y se cayó, sufriendo daños. No pudo demostrar el tiempo que hacía que la cáscara estaba en el piso. Resolvió este Tribunal que tal circunstancia no es eximente de responsabilidad. Obviamente, el demandado, dueño del colmado estaba en mejor posición que la demandante para establecer que fue diligente en el mantenimiento, limpieza y conservación del negocio a los fines de garantizar la seguridad de sus patrocinadores. Requerir de una persona que sufre una caída al resbalar en una cáscara de fruta que pruebe cuanto tiempo hacía que existía tal condición en el piso equivaldría prácticamente a negar toda oportunidad de recobrar por sus daños a quien sufra accidentes de esa naturaleza.

La sentencia que hoy emite este Tribunal pretende distinguir a *Aponte Betancourt* a base de que allí la caída ocurrió dentro del edificio del establecimiento comercial mientras que aquí ocurrió en el área de estacionamiento. No estoy de acuerdo con que tal distinción se justifique. Por no ser el área de estacionamiento una vía pública y sí parte integrante del complejo comercial que las corporaciones demandadas explotan para su propio beneficio pecuniario tienen igual responsabilidad de mantener la seguridad de dicha área como la tienen dentro de sus establecimientos. Su responsabilidad no es de puertas adentro.

Modificaría la sentencia recurrida al único fin de fijar parte de la responsabilidad por la caída a la demandante recurrida y así modificada la confirmaría.