January 28, 1993
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1392

ISABELITA MAS,

Plaintiff, Appellant,

v.

UNITED STATES OF AMERICA, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Gene Carter, U.S. District Judge]

Before

Torruella, Circuit Judge,

Campbell, Senior Circuit Judge,

Skinner,* District Judge.

Jos A. Fuentes-Agostini, with whom Dom nguez & Totti, were

on brief for appellant.
Fidel A. Sevillano-Del R o, Assistant United States

Attorney, with whom Daniel F. L pez-Romo, United States Attorney,

was on brief for appellee United States of America.

* Of the District of Massachusetts, sitting by designation.

TORRUELLA, Circuit Judge. This appeal requires us to

delve into the tort law of Puerto Rico. Appellant sued the

United States pursuant to the Federal Tort Claims Act ("FTCA"),

28 U.S.C. 2671 et seq., for damages arising out of a slip-and-

fall accident. The district court judge dismissed the suit,

finding that appellant failed to establish any negligence leading

to the accident. Appellant contends that the district court

judge incorrectly construed Puerto Rico law in requiring that

showing. We disagree with appellant and thus affirm.

THE FACTS

The facts are rather simple. Appellant was shopping at

the army commissary in Fort Buchanan, Puerto Rico. Approaching

the checkout counter with her groceries, she slipped on some milk

and sustained serious injuries. Several people came to her

assistance, including a commissary employee. According to

appellant, the employee indicated that she knew about the milk

prior to the accident and expressed regret at not cleaning it up

earlier. The employee, Ms. Toledo, denies making these

statements or to having any knowledge of the spilt milk prior to

the accident.

Appellant filed an FTCA claim against United States in

the District Court of Puerto Rico. As the FTCA directs the

district court to employ local tort law, the district court

applied the laws of Puerto Rico. The district court judge thus

found that appellant was a business invitee at the commissary

because she was a shopper. The district court judge also found

-2-

that local law required appellant to establish that the

commissary was negligent before the commissary could be liable

for her injuries. Specifically, the district court judge imposed

upon the plaintiff the burden of showing that the store owner had

actual or constructive notice of the dangerous condition and time

to cure it.

After hearing from the witnesses at the bench trial,

the district court judge determined that there was insufficient

evidence to show negligence by the commissary. The district

court judge found the testimony of Ms. Toledo more credible than

the testimony of appellant as to whether the commissary knew of

the milk. Lacking such evidence, the district court dismissed

appellant's claim.

LEGAL ANALYSIS

The issue in this case is whether Puerto Rico law

imposes a burden upon business invitees who suffered a slip-and-

fall to show that the store owner possessed notice and an

opportunity to cure. Puerto Rico law is unclear on this point.

We therefore trace the development of Puerto Rico law to divine

the result that the Puerto Rico Supreme Court would have reached

in this case.

Our analysis begins with the Puerto Rico civil code.

Section 5141 provides that "[a] person who by an act or omission

causes damage to another through fault or negligence shall be

obliged to repair the damage so done. Concurrent imprudence of

the party aggrieved does not exempt from liability, but entails a

-3-

reduction of the indemnity." P.R. Laws Ann. tit. 31, 5141

(1991). The statute does not define "fault or negligence" in a

business invitee slip-and-fall situation, but the Puerto Rico

Supreme Court has addressed this issue on several occasions. The

Court's pronouncements, however, have been inconsistent. We are

required to analyze the cases in an attempt to reach the correct

result in this case. We proceed in chronological order.

We begin with Guti rrez v. Bahr, 78 D.P.R. 473, 474-75

(1955), in which a man was injured in a watch repair shop by a

fan. From these facts the Court set forth the two basic

principles behind 5141. First, as a "universal legal

principle," store owners must maintain their store in a safe

condition for any person induced to enter. Id. at 474. Second,

the duty only extends to acts or omissions caused by "fault or

negligence." Id. In Guti rrez, the Court found that the store

owner was negligent in maintaining the fan, as the fan presented

an unreasonable risk of danger to invitees. While shedding

little light on the instant slip-and-fall situation, the

underpinning of 5141 set forth in Guti rrez has guided

subsequent decisions on business invitee torts by the Puerto Rico

Court.

The Court followed the instruction of Guti rrez in

Goose v. Hilton Hotels, 79 D.P.R. 523 (1956). In Goose, hotel

guests wearing bathing suits were required to use a certain

elevator and stairway to go to the pool. The stairway was wide

and slippery, but equipped with only one railing. Because of the

-4-

stairway's condition, a hotel guest fell. Focussing on the fact

that the stairs should have had more than one railing, the Court

found the stairway unreasonably and forseeably dangerous. From

this finding, the Court determined that the hotel possessed

constructive knowledge of the danger. As the requirements of

5141 were satisfied, the Court imposed liability upon the hotel.

The Court also noted that store customers "generally expect[]

that the aisles and passage ways open to customers are free from

. . . slippery spots." Id. at 530 n.2.

In Aponte v. Mel ndez, 87 P.R.R. 619 (1963), the Court

revised its views on the requirements of 5141 and the lessons

of Goose. There, a shopper at a food store slipped on a banana

peel. The shopper sued under 5141, but the trial Court

rejected her claim because she failed to show that the store had

constructive knowledge of the banana peel on the floor. The

Puerto Rico Supreme Court reversed, however, finding that the

defense of a lack of constructive knowledge was not viable in

5141 cases. The Court cited Goose for the proposition that

shopowners must keep public areas free of "slippery spots," while

ignoring the language in Goose concerning actual or constructive

knowledge.

By doing away with the knowledge element of 5141,

Aponte imposed a strict liability or, as the Puerto Rico courts

sometimes say, a res ipsa loquitur standard upon store owners, in

which a dangerous condition in the store led to a per se finding

of negligence. Cf. Dopico-Fern ndez v. Grand Union Supermarket,

-5-

841 F.2d 11, 15 (1st Cir. 1988) (citing Aponte and Goose: "[t]he

clear rule in Puerto Rico is that an owner of an establishment is

potentially liable for all injuries occurring in areas where he

has retained control") (emphasis added). In the cases before

Aponte, the Court discussed 5141 in terms of negligence; in

Aponte the Court switched to res ipsa loquitur liability.

The Puerto Rico Supreme Court followed the instruction

of the Aponte case in a line of cases imposing liability on the

store owner when a dangerous condition existed, without a

specific finding of knowledge of the condition. See, e.g.,

Feliciano v. Escuela de Enfermeras, 94 P.R.R. 509 (1967). In

Feliciano, plaintiff alleged that some water caused her to slip

on defendant's steps. The Court disregarded plaintiff's

allegation, but imposed liability anyway because even when dry,

the steps were smooth and "at times" slippery. See also Rivera

v. Supermercados Amigo, Inc., 106 D.P.R. 657 (1977) (store owners

must keep inside of their stores in safe condition, but they owe

lower level of duty as to parking lots).

Notably, in the Feliciano case four justices joined in

a vigorous dissent.1 The dissenters argued that the Court

imposed liability without any showing of actual or constructive

knowledge of water, or any other dangerous condition, which

caused plaintiff to slip. The dissenters concluded that the

majority had imposed a res ipsa loquitur standard on the property

1 A total of nine Justices sat on the Puerto Rico Supreme Court
when Feliciano was decided.

-6-

owner: because a slip-and-fall occurred, the Court presumed that

the owner was negligent. The dissenters found the majority's

holding contrary to the weight of Puerto Rico negligence law, but

failed to acknowledge Aponte.

In seeming response to the concerns of the dissent in

Feliciano, the Court incorporated language of actual and

constructive knowledge in its opinion in Cotto v. Consolidated

Mutual Insurance Co., 116 D.P.R. 644 (1985). In Cotto, a shopper

fell while she was walking to an escalator at a department store.

She sued, alleging that the floor was slippery. She did not,

however, allege that any foreign matter on the floor caused the

slipperiness.

The Court disallowed her claim, finding her bare

allegation that the floor was slippery insufficient to impose

liability. The Court stated that its previous cases, including

Guti rrez, Goose, and Aponte, "imposed liability when [the cases]

involved existing dangerous conditions within the business

premises in question, which conditions were known to the owners

or should have been known to them." Id. at 650. Thus, actual or

constructive knowledge of the hazard was an element of the tort.

The Court went on, however, to base its holding on the

lack of a dangerous condition in the store. This holding was

consistent with the Aponte line of cases, in which the inquiry

focussed on the existence of a dangerous condition. The Cotto

language on actual or constructive knowledge, on the other hand,

was not consistent with those cases. Indeed, a cite to Aponte

-7-

for the proposition that knowledge of the hazard is an element of

the tort was incorrect.

This leaves us in the uncomfortable position of

choosing whether to follow the Aponte line of cases, in which

actual or constructive knowledge is not an element of the tort,

or whether to follow Cotto and the cases prior to Aponte, under

which such knowledge is an element of the tort.

We believe that Cotto and the cases prior to Aponte are

more consistent with the language of 5141, and thus contain the

correct result in this case. Those cases give effect to all of

the language of the statute, including the language concerning

fault and negligence. In contrast, Aponte and its progeny

virtually deleted those words from the statute. Furthermore,

Cotto, as the most recent case, provides the most authoritative

description of the current state of the law. To the extent that

its language is inconsistent with Aponte and its progeny, Cotto

represents an evolving understanding of 5141. To disregard

Cotto thus would require us to select potentially outdated law.

As we find Cotto to reflect the current state of the

law in Puerto Rico, we agree with the district court on the

result of this case. Section 5141 requires, as an element, an

affirmative showing by the plaintiff that the defendant was

negligent. This showing, in turn, requires a demonstration that

the defendant has either actual or constructive knowledge of a

dangerous condition. As the plaintiff failed to meet this

burden, the district court properly dismissed the case.

-8-

Affirmed.

-9-