USCA1 Opinion

 

 January 28, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1392 ISABELITA MAS, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, ET AL., Defendants, Appellees. ___________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Gene Carter, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ Skinner,* District Judge. ______________ ____________________ Jos A. Fuentes-Agostini, with whom Dom nguez & Totti, were ________________________ _________________ on brief for appellant. Fidel A. Sevillano-Del R o, Assistant United States ______________________________ Attorney, with whom Daniel F. L pez-Romo, United States Attorney, ____________________ was on brief for appellee United States of America. ____________________ ____________________ ____________________ * Of the District of Massachusetts, sitting by designation. TORRUELLA, Circuit Judge. This appeal requires us to ______________ delve into the tort law of Puerto Rico. Appellant sued the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 2671 et seq., for damages arising out of a slip-and- _______ fall accident. The district court judge dismissed the suit, finding that appellant failed to establish any negligence leading to the accident. Appellant contends that the district court judge incorrectly construed Puerto Rico law in requiring that showing. We disagree with appellant and thus affirm. THE FACTS THE FACTS _________ The facts are rather simple. Appellant was shopping at the army commissary in Fort Buchanan, Puerto Rico. Approaching the checkout counter with her groceries, she slipped on some milk and sustained serious injuries. Several people came to her assistance, including a commissary employee. According to appellant, the employee indicated that she knew about the milk prior to the accident and expressed regret at not cleaning it up earlier. The employee, Ms. Toledo, denies making these statements or to having any knowledge of the spilt milk prior to the accident. Appellant filed an FTCA claim against United States in the District Court of Puerto Rico. As the FTCA directs the district court to employ local tort law, the district court applied the laws of Puerto Rico. The district court judge thus found that appellant was a business invitee at the commissary because she was a shopper. The district court judge also found -2- that local law required appellant to establish that the commissary was negligent before the commissary could be liable for her injuries. Specifically, the district court judge imposed upon the plaintiff the burden of showing that the store owner had actual or constructive notice of the dangerous condition and time to cure it. After hearing from the witnesses at the bench trial, the district court judge determined that there was insufficient evidence to show negligence by the commissary. The district court judge found the testimony of Ms. Toledo more credible than the testimony of appellant as to whether the commissary knew of the milk. Lacking such evidence, the district court dismissed appellant's claim. LEGAL ANALYSIS LEGAL ANALYSIS ______________ The issue in this case is whether Puerto Rico law imposes a burden upon business invitees who suffered a slip-and- fall to show that the store owner possessed notice and an opportunity to cure. Puerto Rico law is unclear on this point. We therefore trace the development of Puerto Rico law to divine the result that the Puerto Rico Supreme Court would have reached in this case. Our analysis begins with the Puerto Rico civil code. Section 5141 provides that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a -3- reduction of the indemnity." P.R. Laws Ann. tit. 31, 5141 (1991). The statute does not define "fault or negligence" in a business invitee slip-and-fall situation, but the Puerto Rico Supreme Court has addressed this issue on several occasions. The Court's pronouncements, however, have been inconsistent. We are required to analyze the cases in an attempt to reach the correct result in this case. We proceed in chronological order. We begin with Guti rrez v. Bahr, 78 D.P.R. 473, 474-75 _________ ____ (1955), in which a man was injured in a watch repair shop by a fan. From these facts the Court set forth the two basic principles behind 5141. First, as a "universal legal principle," store owners must maintain their store in a safe ____ condition for any person induced to enter. Id. at 474. Second, ___ the duty only extends to acts or omissions caused by "fault or negligence." Id. In Guti rrez, the Court found that the store ___ _________ owner was negligent in maintaining the fan, as the fan presented an unreasonable risk of danger to invitees. While shedding little light on the instant slip-and-fall situation, the underpinning of 5141 set forth in Guti rrez has guided _________ subsequent decisions on business invitee torts by the Puerto Rico Court. The Court followed the instruction of Guti rrez in _________ Goose v. Hilton Hotels, 79 D.P.R. 523 (1956). In Goose, hotel _____ _____________ _____ guests wearing bathing suits were required to use a certain elevator and stairway to go to the pool. The stairway was wide and slippery, but equipped with only one railing. Because of the -4- stairway's condition, a hotel guest fell. Focussing on the fact that the stairs should have had more than one railing, the Court found the stairway unreasonably and forseeably dangerous. From this finding, the Court determined that the hotel possessed constructive knowledge of the danger. As the requirements of 5141 were satisfied, the Court imposed liability upon the hotel. The Court also noted that store customers "generally expect[] that the aisles and passage ways open to customers are free from . . . slippery spots." Id. at 530 n.2. ___ In Aponte v. Mel ndez, 87 P.R.R. 619 (1963), the Court ______ ________ revised its views on the requirements of 5141 and the lessons of Goose. There, a shopper at a food store slipped on a banana _____ peel. The shopper sued under 5141, but the trial Court rejected her claim because she failed to show that the store had constructive knowledge of the banana peel on the floor. The Puerto Rico Supreme Court reversed, however, finding that the defense of a lack of constructive knowledge was not viable in 5141 cases. The Court cited Goose for the proposition that _____ shopowners must keep public areas free of "slippery spots," while ignoring the language in Goose concerning actual or constructive _____ knowledge. By doing away with the knowledge element of 5141, Aponte imposed a strict liability or, as the Puerto Rico courts ______ sometimes say, a res ipsa loquitur standard upon store owners, in _________________ which a dangerous condition in the store led to a per se finding of negligence. Cf. Dopico-Fern ndez v. Grand Union Supermarket, ___ ________________ _______________________ -5- 841 F.2d 11, 15 (1st Cir. 1988) (citing Aponte and Goose: "[t]he ______ _____ clear rule in Puerto Rico is that an owner of an establishment is potentially liable for all injuries occurring in areas where he ___ has retained control") (emphasis added). In the cases before Aponte, the Court discussed 5141 in terms of negligence; in ______ Aponte the Court switched to res ipsa loquitur liability. ______ _________________ The Puerto Rico Supreme Court followed the instruction of the Aponte case in a line of cases imposing liability on the ______ store owner when a dangerous condition existed, without a specific finding of knowledge of the condition. See, e.g., ___ ____ Feliciano v. Escuela de Enfermeras, 94 P.R.R. 509 (1967). In _________ ______________________ Feliciano, plaintiff alleged that some water caused her to slip _________ on defendant's steps. The Court disregarded plaintiff's allegation, but imposed liability anyway because even when dry, the steps were smooth and "at times" slippery. See also Rivera ________ ______ v. Supermercados Amigo, Inc., 106 D.P.R. 657 (1977) (store owners _________________________ must keep inside of their stores in safe condition, but they owe lower level of duty as to parking lots). Notably, in the Feliciano case four justices joined in _________ a vigorous dissent.1 The dissenters argued that the Court imposed liability without any showing of actual or constructive knowledge of water, or any other dangerous condition, which caused plaintiff to slip. The dissenters concluded that the majority had imposed a res ipsa loquitur standard on the property _________________ ____________________ 1 A total of nine Justices sat on the Puerto Rico Supreme Court when Feliciano was decided. _________ -6- owner: because a slip-and-fall occurred, the Court presumed that the owner was negligent. The dissenters found the majority's holding contrary to the weight of Puerto Rico negligence law, but failed to acknowledge Aponte. ______ In seeming response to the concerns of the dissent in Feliciano, the Court incorporated language of actual and _________ constructive knowledge in its opinion in Cotto v. Consolidated _____ ____________ Mutual Insurance Co., 116 D.P.R. 644 (1985). In Cotto, a shopper ____________________ _____ fell while she was walking to an escalator at a department store. She sued, alleging that the floor was slippery. She did not, however, allege that any foreign matter on the floor caused the slipperiness. The Court disallowed her claim, finding her bare allegation that the floor was slippery insufficient to impose liability. The Court stated that its previous cases, including Guti rrez, Goose, and Aponte, "imposed liability when [the cases] _________ _____ ______ involved existing dangerous conditions within the business _______________________________ premises in question, which conditions were known to the owners ____________________ or should have been known to them." Id. at 650. Thus, actual or _________________________________ ___ constructive knowledge of the hazard was an element of the tort. The Court went on, however, to base its holding on the lack of a dangerous condition in the store. This holding was consistent with the Aponte line of cases, in which the inquiry ______ focussed on the existence of a dangerous condition. The Cotto _____ language on actual or constructive knowledge, on the other hand, was not consistent with those cases. Indeed, a cite to Aponte ______ -7- for the proposition that knowledge of the hazard is an element of the tort was incorrect. This leaves us in the uncomfortable position of choosing whether to follow the Aponte line of cases, in which ______ actual or constructive knowledge is not an element of the tort, or whether to follow Cotto and the cases prior to Aponte, under _____ ______ which such knowledge is an element of the tort. We believe that Cotto and the cases prior to Aponte are _____ ______ more consistent with the language of 5141, and thus contain the correct result in this case. Those cases give effect to all of the language of the statute, including the language concerning fault and negligence. In contrast, Aponte and its progeny ______ virtually deleted those words from the statute. Furthermore, Cotto, as the most recent case, provides the most authoritative _____ description of the current state of the law. To the extent that its language is inconsistent with Aponte and its progeny, Cotto ______ _____ represents an evolving understanding of 5141. To disregard Cotto thus would require us to select potentially outdated law. _____ As we find Cotto to reflect the current state of the _____ law in Puerto Rico, we agree with the district court on the result of this case. Section 5141 requires, as an element, an affirmative showing by the plaintiff that the defendant was negligent. This showing, in turn, requires a demonstration that the defendant has either actual or constructive knowledge of a dangerous condition. As the plaintiff failed to meet this burden, the district court properly dismissed the case. -8- Affirmed. ________ -9-