# 95 DTA 13

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

JOSE RAFAEL CAPO
Demandante-Apelante

v.

ALMACENES PITUSA, INC.,
EAGLE STAR INSURANCE COMPANY OF P.R.
Demandados-Apelados

Núm. KLAN-95-00010

San Juan, Puerto Rico, a 24 de febrero de 1995

Panel integrado por su presidente, Juez Rossy García,
y los Jueces Alfonso de Cumpiano y Negrón Soto

Negrón Soto, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

En el presente recurso se apela de la sentencia dictada por el Tribunal de Distrito, Sala de San Juan, el 29 de abril de 1993 y archivada en autos el 4 de junio del mismo año mediante la cual se desestimó la demanda de daños y perjuicios incoada por el Sr. José Rafael Capó contra Almacenes Pitusa y su compañía aseguradora. Por los fundamentos que exponemos a continuación, procedemos a confirmar la sentencia apelada.

### I

El 17 de noviembre de 1991, el Sr. José Rafael Capó, en lo sucesivo el demandante, visitó los Almacenes Pitusa localizados en el Norte Shopping Center en Santurce, dirigiéndose al departamento de pinturas. Mientras examinaba una carta de colores, el anaquel frente al cual estaba parado se movió y le cayó un galón de pintura sobre el dedo gordo del pie derecho, fracturándole la falange distal de dicho dedo. Cerca al demandante estaba parada una señora quien gritó *"Yo no fuí"* inmediatamente después de ocurrir el accidente. El demandante no intervino de forma alguna con el anaquel o el galón previo al incidente.

En un informe sobre el accidente que dio la esposa del demandante, ésta indicó que una cliente que se encontraba en el lugar había movido el anaquel y, al parecer, también el galón de pintura que cayó sobre el dedo gordo del pie derecho de su esposo. Además, el demandante, tanto en una carta como en un informe sobre el accidente, indicó que el mismo ocurrió cuando una cliente movió el galón de pintura.

El demandante, ingeniero civil de profesión, fue cualificado como perito, por lo que pudo testificar como tal, indicando que el accidente ocurrió debido a que la lata se mantenía en el anaquel en una condición de equilibrio inestable y que la misma no se hubiera caído si su base hubiese estado descansando en su totalidad en la superficie del anaquel. Declaró, además, que en ningún momento pudo observar cómo estaba colocada la lata en el anaquel ni pudo indicar con precisión de donde cayó la misma. Tampoco pudo testificar sobre el peso de las latas, el peso del anaquel o la cantidad de latas que había en el mismo.

Ocurrido el accidente, el demandante se trasladó al Hospital Auxilio Mutuo donde fue atendido por los doctores Salvador Márquez y Pablo L. Morales, quienes le diagnosticaron haber sufrido una fractura conminuta en la falange distal del dedo gordo del pie derecho.

Como consecuencia de la fractura, el demandante se vió impedido de caminar con normalidad pues estuvo cojeando por un período en exceso de dos meses. Sufrió fuertes dolores e incomodidades durante su convalescencia.

Luego de desfilada la prueba de la parte demandante, la parte demandada solicitó la desestimación de la demanda basándose en que no se había establecido hecho alguno de negligencia atribuible a su persona.

El tribunal de instancia declaró con lugar dicha moción de desestimación, concluyendo que la parte demandante no probó acto negligente alguno por parte de Almacenes Pitusa. Señaló en su sentencia que:

*"No puede imponerse responsabilidad absoluta al dueño de un establecimiento comercial por los daños que sufran los clientes mientras patrocinan el negocio, aunque se trate de una actividad con fines de lucro, si no se trata de una actividad inherentemente peligrosa. Cotto...Vs. Consolidated..., 116 D.P.R. 644. Como regla general, corresponde a la parte actora en un caso de daños y perjuicios donde alega haber sufrido daños como consecuencia de la negligencia de un demandado, el peso de la prueba respecto a la alegada negligencia. En el presente caso no se presentó hecho alguno creíble por este Tribunal que estableciera dicha negligencia.*

*Tampoco es de aplicación al presente caso la doctrina de "res ipsa loquitur" por cuanto no se establecieron ninguno de los requisitos necesarios de la misma. En adición, la prueba presentada demostró que hay versiones en conflicto en la propia prueba del demandante que impiden la aplicación de dicha doctrina."*

El demandante solicitó al tribunal de instancia que formulara determinaciones de hechos adicionales el 11 de junio de 1993. Solicitó, a su vez, la reconsideración de la sentencia desestimatoria el 15 de junio de 1993. Ambas mociones fueron declaradas sin lugar. Oportunamente, presentó escrito de apelación al Tribunal Superior, Sala de San Juan. En su apelación, el demandante imputó al tribunal *a quo* la comisión de dos errores:

*"I. Erró el Tribunal de Instancia al resolver que la prueba presentada es insuficiente para establecer una causa de acción aunque en el récord hay evidencia de que existía una condición peligrosa en el establecimiento ya que la demandada mantenía en sus anaqueles una lata de pintura en estado inminente de caerse, como de hecho se cayó sin intervención del demandante y el lo causó los daños probados.*

*II. Erró el Tribunal al resolver que no es de aplicación la doctrina de res ipsa loquitur aunque la evidencia presentada demuestra que la lata de pintura que produjo el daño estaba bajo el control exclusivo de Pitusa, que la lata no se hubiera caído si no hubiera mediado negligencia de Pitusa y no medió negligencia del demandante."*

## II
Como ha reiterado el Tribunal Supremo de Puerto Rico en numerosas ocasiones:

*"No hay duda de que una persona o empresa que opera un establecimiento abierto al público con el objeto de llevar a cabo operaciones comerciales para su propio beneficio debe hacer lo posible por mantener dicho establecimiento en condiciones tales de seguridad que los clientes que patrocinan el mismo no sufran ningún daño; en otras palabras, corresponde al dueño de un negocio o al propietario del mismo mantener el área a la que tienen acceso sus clientes como un sitio seguro. A esos efectos, véanse Gutiérrez v. Bahr, 78 D.P.R. 473 (1955); Goose v. Hilton Hotels, 79 D.P.R. 523 (1956); Santaella Negrón v. Licari, 83 D.P.R. 887 (1961); Weber v. Melías, 85 D.P.R. 76 (1962), y Aponte Betancourt v. Meléndez,87 D.P.R. 652 (1963). Cotto v. C.M. Insurance Co., 116 D.P.R. 644, 650 (1985). Citado más adelante en Soc. de Gananciales v. G. Padín Co. Inc., 117 D.P.R. 94, 104 (1986)."*

Sin embargo, ello no implica que los propietarios de establecimientos comerciales sean aseguradores absolutos de los daños sufridos por sus patrocinadores, puesto que:

*"[Como] expresáramos en Goose v. Hilton, supra, págs. 527-528, el dueño del establecimiento "no es un asegurador de la seguridad de los clientes del negocio, y su deber sólo se extiende al ejercicio del cuidado razonable para su protección"... Cotto v. C.M. Insurance Co., supra.*

Es por esta razón que se le exige al que alega haber sufrido un daño en un establecimiento comercial que:

*"[pruebe] que el dueño del establecimiento no ha ejercido el cuidado debido para que el local sea seguro para él". Cotto v. C.M. Insurance, Co., supra.*

Para que un propietario de un establecimiento comercial sea responsable por los daños sufridos por un cliente, es preciso que dentro de dicho establecimiento existiera una condición **peligrosa de conocimiento del propietario o su conocimiento pudiera imputársele al mismo.** *Cotto v. C.M. Insurance Co., supra,* y casos allí citados.

En *Cotto v. C.M. Insurance, Co., supra,* el Tribunal Supremo, a la nota al calce número 12, aclaró que no es de aplicación en estos casos ninguna de las teorías de responsabilidad absoluta, la teoría del riesgo o la de responsabilidad sin culpa debido a que *"... aun cuando se trata de una actividad con fines de lucro, no se trata de una actividad inherentemente peligrosa o arriesgada. Véase Martínez v. Chase Manhattan Bank, 108 D.P.R. 515 (1979)."*

· Un comerciante tiene la obligación de realizar inspecciones a su propiedad con el propósito de descubrir condiciones peligrosas en la misma. *Aponte Betancourt v. Meléndez,* 87 D.P.R. 652, 654 (1963), citando a *Weber v. Mejías,* 85 D.P.R. 76, 79 (1962). En estos casos se indicó, además, que:

*"Igual que en casos de negligencia en general, el [propietario] puede ser responsable aun cuando hubiese realizado la inspección,* **si el daño puede atribuirse a una construcción defectuosa u otra negligencia resultante en una condición peligrosa, o a la omisión de tomar precauciones razonables para proteger a los invitados de los peligros que pueden anticiparse en la disposición o en el uso de la propiedad."** *Weber v. Mejías, supra,* citado en *Aponte Betancourt v. Meléndez, supra.* Enfasis suplido.

Como sucedió en *Santaella Negrón v. Licari, supra,* a la pág. 900, una condición peligrosa no tiene necesariamente que ser creada por un artefacto inherentemente peligroso, sino que puede ocurrir que un objeto común y corriente ocasione una condición peligrosa de acuerdo a

los hechos específicos del caso. En dicho caso, se encontró responsable a un demandado en cuyo lugar de negocios mantenía una puerta que abría hacia un pasillo pues una persona que camina por el mismo puede resultar

*"...estropeada por un objeto que súbitamente y sin aviso sale hacia su paso, lo cual ella no puede prevenir. En estas circunstancias el tener esa puerta funcionando de manera que al ser utilizada en forma normal pueda estropear a personas que van caminando con el cuidado ordinario por un pasillo o una escalera, constituye una falta del cuidado debido al público y acarrea responsabilidad."*

En el caso ante nuestra consideración, el demandante alega que Almacenes Pitusa no ejerció su deber de cuidado para con sus clientes pues existía una condición peligrosa en su establecimiento *"ya que mantenía una lata de pintura en estado inminente de caerse"*. Se ampara en *Santaella Negrón v. Licari, supra,* para sostener que, en el caso de autos, la posición en que se mantenía la lata constituyó una condición peligrosa para su persona pues él no tenía forma de anticipar que la lata podía caerse y causarle daños.

Consideramos, sin embargo, que esta no es la situación ante nuestra consideración. La prueba desfilada en instancia tan sólo demostró que una cliente, al parecer, movió la lata de pintura y la misma le cayó en el pie derecho al demandante. Sin embargo, este último no probó que Almacenes Pitusa incurriera en acto negligente alguno que contribuyera a la caída de la lata ya que nunca observó la lata en el anaquel; sólo se basó en la intervención inmediata de la cliente con la lata y la simultánea caída sobre su pie. En ausencia de prueba, el hecho de que la lata pudiera encontrarse en *"condición de equilibrio inestable"* por sí solo no estableció la actuación negligente del demandado. Tampoco hubo prueba para determinar que existía una condición de peligrosidad ni sobre la omisión de Almacenes Pitusa de tomar precauciones razonables para proteger a sus clientes.

## III

El demandante sostiene que, a pesar de que no se presentó prueba sobre la actuación negligente de Almacenes Pitusa, no tenía la obligación de hacerlo puesto que era de aplicación la doctrina de *res ipsa loquitur.* No le asiste la razón.

Es norma ampliamente conocida que

*"...como regla general, le corresponde a la parte actora en un caso de daños y perjuicios donde alegue haber sufrido daños como consecuencia de la negligencia de la parte demandada el peso de la prueba respecto a dicha alegada negligencia. Vaquería Garrochales Inc. v. A.P.P.R., 106 D.P.R. 799 (1978); Irizarry v. A.F.F., 93 D.P.R. 416 (1966); Morales Mejías v. Met. Pack. & Ware. Co., 86 D.P.R. 3 (1962). En palabras más sencillas, la parte demandante tiene la obligación de poner al tribunal en condiciones de poder hacer una determinación clara y específica sobre negligencia mediante la presentación de prueba a esos efectos. Cotto v. C.M. Ins. Co., 116 D.P.R. 644, 650-651 (1985); Véase, además, Matos v. Admn. Servs. Médicos de P.R., 118 D.P.R. 567, 569 (1987); Ortiz Torres v. K.A. Developers Inc., D.P.R. (1994), 94 J.T.S. 78, a la pág. 11992."*

El demandante queda relevado de esta obligación en aquellos casos en que es de aplicación la doctrina de *res ipsa loquitur,* que significa *"la cosa habla por si misma".* Cuevas Segarra, *La Responsabilidad Civil y el Daño Extracontractual en Puerto Rico,* Publicaciones J.T.S., San Juan 1993, pág. 141.

Para que la doctrina sea aplicable es necesario que el demandante establezca la ocurrencia de los siguientes requisitos:

"(1) el accidente debe, de ordinario, no ocurrir a no ser por la negligencia de otra persona; (2) debe causarlo una agencia o instrumentalidad bajo el control exclusivo del demandado, y (3) no debe ocurrir debido a acción voluntaria alguna del demandante. *Nieves López v. Rexach Bonet*, 124 D.P.R. 427, 437 (1989), citando a *Soc. de Gananciales Etc. v. Presbyterian Hosp.*, 88 D.P.R. 391, 397-398 (1963). Véanse, además, *Marrero, Marrero Ríos v. Albany Ins. Co.*, 124 D.P.R. 827 (1989); *Martínez Mattei v. Montañez*, 98 D.P.R. 726, 730 (1970); *Díaz Mojíca v. Gob. de la Capital*, 93 D.P.R. 467, 471 (1966); *Goenaga v. West Indies Trading Corp.*, 88 D.P.R 865, 893 (1963); *Castro v. Municipo de Guánica*, 87 D.P.R. 725, 730 (1963); *Ramos v. A.F.F.*, 86 D.P.R. 603, 615 (1962); *Hermida v. Feliciano*, 62 D.P.R. 55, 57 (1943)."

También se ha establecido como requisito que el demandado esté en mejor posición que el demandante para explicar las causas de la ocurrencia del accidente. *Bracero v. S. Ramírez & Co. Inc*, 41 D.P.R. 405 (1930).

Una vez probada la concurrencia de dichos requisitos queda establecida una inferencia permisible de negligencia a favor de la parte demandante. *Nieves López v. Rexach Bonet, supra; Pérez Rivera v. Olazagasti Fiol*, 90 D.P.R. 779, 786 (1964). Esto significa que el tribunal está facultado para concluir que hubo negligencia, sin embargo no le obliga necesariamente a concluir que existió la negligencia por parte del demandado. *Marrero Marrero Ríos v. Albany Insurance Co., supra.* Según indica este caso, a las págs. 831-832:

*"únicamente cuando el demandante establece los hechos que justifican la aplicación de la doctrina es que éste queda relevado de cumplir con la regla general que le exige probar la negligencia de la parte demandada, pasando entonces a esta última el peso de demostrar que empleó el debido cuidado".* (citas omitidas).

Así, una vez el tribunal decide aplicar esta doctrina por haber el demandante probado la ocurrencia de los requisitos antes mencionados, no puede el demandado invocar la desestimación de la demanda contra la prueba. Sin embargo --dado que lo que se establece es una inferencia permisible de negligencia-- ésta no queda probada automáticamente y el tribunal puede concluir que la negligencia no era imputable al demandado. *Cuevas Segarra, supra,* a la pág. 148, y casos allí citados.

La jurisprudencia ha establecido claramente que la doctrina no es de aplicación cuando *"...puede existir alguna otra causa probable del accidente de la cual pueda inferirse que no hubo negligencia." Nieves López v. Rexach Bonet, supra,* citando a *Cintrón v. A. Roig Sucrs,* 74 D.P.R. 1028, 1036 (1953). H.M. Brau del Toro, *Los Daños y Perjuicios Extracontractuales en Puerto Rico,* 2da ed., San Juan, **Publicaciones J.T.S.**, 1986, Vol. I, Cap. VII, págs. 397-398.

Al considerar las circunstancias particulares del caso que nos ocupa a la luz del derecho antes reseñado, forzoso resulta concluir que el tribunal de instancia actuó correctamente al determinar que no procedía la aplicación de la doctrina de *res ipsa loquitur* debido a que el demandante no probó la concurrencia de los requisitos indispensables para su aplicación.

No siendo de aplicación la doctrina *res ipsa loquitur,* el demandante venía obligado a probar la negligencia del demandado. Al no hacerlo, procedía la desestimación de la demanda por él incoada al amparo de la Regla 39.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 39.2.

## IV

Por los fundamentos antes expuestos, confirmamos la sentencia apelada decretando la desestimación de la demanda presentada por el Sr. José Rafael Capó contra Almacenes Pitusa

e Eagle Star Insurance Company of P.R.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIO 95 DTA 13**

**1.** Véase el Artículo 9.0004 (b) de la Ley Núm. 1 de 28 de julio de 1994, mediante el cual se refieren estos casos al Tribunal de Circuito de Apelaciones.